IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA    :

   v.    : Criminal No. DKC 12-624

    :

CHAMRON THACH    :

    :

* * * * * * *

UNITED STATES OF AMERICA    :

   v.    : Civil Action No. DKC 13-1984

    :

$3,850 U.S. CURRENCY    :

**MEMORANDUM OPINION**

The Government has initiated both civil and criminal forfeiture proceedings, which overlap. In the criminal case, a federal grand jury in the United States District Court for the District of Maryland returned an indictment charging multiple individuals, including Chamron Thach ("Thach"), with conspiracy to distribute a controlled substance and money laundering conspiracy. (Crim. No. 12-624, ECF No. 1). On December 6, 2012, the Government obtained a search and seizure warrant for 4317 Edmonston Road, Bladensburg, MD 20710, which is Thach's residence. (Crim. No. 12-624, ECF No. 226, at 1). That same

day, the search and seizure warrant was executed on the property, leading to the seizure of electronic media, miscellaneous documents, approximately 279.9 grams of marijuana, drug paraphernalia and $3,850 in US currency. The search also revealed an indoor marijuana grow structure and "items associated with the growing of marijuana. The $3,850 in currency was discovered in a bedroom, secreted inside a case located in the top of the indoor marijuana grow structure." (*Id.*).

On May 13, 2013, Thach pled guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute 100 Kilograms or More of Marijuana in violation of 21 U.S.C. § 846, and one count of Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h). (Crim. No. 12-624, ECF No. 130). This court sentenced Thach to 96 months in prison on August 5, 2013. (Crim. No. 12-624, ECF No. 201). On August 7, 2013, the government filed a motion for forfeiture pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), which was later entered. (Crim. No. 12-624, ECF No. 192 and 200). The Order covers the following items: (1) $178,938 seized on October 26, 2012; (2) MOTORLA MICRO SD; (3) MPEG 4 PLAYER; (4) HP LAPTOP; (5) SONY PLAYSTATION 3; (6) ASUS DESKTOP CPU; (7) HP DESKTOP CPU; (8) IOMEGA EXTERNAL HARD DRIVE; (9) SONY PLAYSTATION 3; (10) APPLE MAC BOOK PRO; (11) SONY PLAYSTATION 3; (12) APPLE MAC BOOK PRO;

(13) SONY PLAYSTATION 3; (14) SONY MEMORY STICK PRO DUO; (14) LG 800 GHL (cell Phone); (15) MICRO SD CASES; (16) SONY PLAYSTATION 3; (17) SEAGATE EXTERNAL HARD DRIVE; (18) PNY ATTACHE 8GB USB THUMB DRIVE; (18) GATEWAY LAPTOP; (19) WESTERN DIGITAL HARD DRIVE; (20) IPOD 16GB; (21)TOSHIBA LAPTOP; (22) DIGITAL STORM DESKTOP; (23) MOTOROLA MB810 (cell Phone); (24) CANON COMPACT FLASH CARD; (25) SONY MEMORY STICK DUO; (26) MOBILE PHONE IMEI 355053107897191; and (27) $3,850. (Crim. No. 12-624, ECF No. 200, at 2).

In the civil case, the government had initiated a forfeiture action *in rem* against the same $3,850 in item (27) on July 9, 2013, alleging that the Defendant Currency is "subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it represents money furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, [and] constituted proceeds traceable to such an exchange, and was used and intended to be used to facilitate such violation." (Civil No. 13-1984, ECF No. 1 ¶ 8). On July 10, 2013, the clerk issued an arrest warrant *in rem* for the Defendant Currency. (*Id.,* No. 2). On July 15, 2013, the Government sent a copy of the verified complaint and a "Notice of Complaint for Forfeiture" to Percy Jin Zheng ("Zheng"), at his home address, 4317 Edmonston Road, Bladensburg, MD 20710,

the property on which the search and seizure warrant was executed. (*Id.,* No. 5-2, at 2-4).

On August 20, 2013, the court received a signed but unverified letter from Zheng, dated August 13, 2013, in which Zheng claims a legal interest to the Defendant Currency of $3,850. The envelope which contained the letter is postmarked August 16, 2013. (Civil No. 13-1984, ECF No. 3-1, Crim. No. 12-624, ECF No. 221, at 1). In the letter, Zheng asserts that he has resided at 4317 Edmonston Road, Bladensburg, MD, 207410 for approximately three years, the same address where Thach resided. Zheng further asserts that he has known Thach for approximately three to four years, but was unaware of Thach's involvement with dealing marijuana and money laundering until the search warrant was executed on his house on December 6, 2013. Zheng states that many of the electronics that were seized belonged to him, as did the $3,850 in U.S. Currency. Specifically, in addition to the $3,850, Zheng asserts ownership over the following items:

> (1) Digital Storm Desktop (with powercords); (2) Gateway laptop (with powercords); (3) Seagate external hard drive (1 tb); (4) Two USB 1GB memory stick; (5) Western Digital Portable Hard drive; (6) USB wireless internet adapter; (7) Asus Hard drive; (8) Apple Ipod Touch; (9) 3 playstation 3 consoles (Two 80GB consoles, and one new ps3 slim console); and (10) Two or Three Playstation 3 controllers.

Zheng contends that he has receipts for some of the electronic items that were seized (e.g., Digital Storm Desktop, the Seagate external Hard drive, and the slim ps3 model). Zheng explains that he worked in the restaurant industry and often kept large bills at home because he used small bills for change at the restaurant where he worked. He further contends that he used an "E-banking account so [he] couldn't use the tellers to withdraw or deposit money or there would be a fee accessed to [his] account." Zheng maintains that the $3,850 represents the combination of tips and $2,000 he received from the IRS in tax returns from 2010-2011. Zheng asserts that the $3,850 did not belong to Thach and has "[nothing] to do with his case."

**I. Analysis**

In response to Zheng's letter, the Government filed motions in both cases. In the civil forfeiture case, it filed a motion to strike Zheng's claim because it was untimely and not signed under penalty of perjury, as required by the Supplemental Rules for Certain Admiralty and Maritime Claims. ((Civil No. 13-1984, ECF No. 5).[1] In the criminal case, the Government similarly filed a motion to strike, again objecting to Zheng's failure to sign the claim under penalty of perjury, and requesting that the

---

[1] Pursuant to Supplemental Rule G(8)(c)(i), at any time before trial, the government may move to strike a claim or answer: (1) for failing to comply with Rule G(5) or (6); or (2) because the claimant lacks standing.

5

court continue the hearing scheduled for September 16, 2013 to allow the Government an opportunity to conduct discovery. (Crim. No. 12-624, ECF No. 226).

In a civil forfeiture action against the U.S. currency involving a violation of the Controlled Substances Act, the currency might be subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). Under that provision, the seizure provisions of 18 U.S.C. § 981(b) are applicable. Section 981(b) in turn refers to the Supplemental Rules for Certain Admiralty and Maritime Claims, which prescribe procedures for filing a claim in forfeiture actions *in rem* arising from a federal statute.

In a criminal forfeiture action, the property is subject to forfeiture pursuant to 21 U.S.C. § 853. Third parties may seek to have their interest in forfeited property adjudicated under 21 U.S.C. § 853(n). Following the entry of an order of forfeiture pursuant to Section 853, a third party asserting an interest in forfeited property may petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The petition must be signed under penalty of perjury, and "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." 21

U.S.C. § 853(n)(3). "The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition." *Id.* § 853(n)(4).

### A. The Government's Objection to the Timeliness of Zheng's Submission in the Civil Forfeiture Action

Under Supplemental Rule G(5)(a)(ii), a person who asserts an interest in the defendant property may contest the forfeiture by filing a claim "by the time stated in a direct notice sent under Rule G(4)(b)." Rule G(5)(a)(ii)(A). The procedural requirements embodied in the Supplemental Rules "ensur[e] that putative claimants come forward as quickly as possible after the initiation of forfeiture proceedings so that the court may hear all interested parties and resolve the dispute without delay." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F.Supp.2d 97, 101 (D.D.C. 2009) (internal quotation marks omitted). Generally, claimants are expected "to adhere strictly to [the] requirements" of the Supplemental Rules. *Id.* at 101.

"In some circumstances, however, especially where claimants are proceeding *pro se*, courts may excuse some minor procedural failings so along as the underlying goals of the Supplemental Rules are not frustrated." *Id.* (internal quotation marks omitted); *see also United States v. Ones 2007 Mercedes Benz CLS*

7

*550*, 2012 WL 1072252, at *1 (D.Md. Mar. 28, 2012). Relevant factors to consider in deciding whether to overlook a claimant's procedural missteps include "the claimant's good faith attempts to comply with procedural requirements" and "whether prejudice to the United States will result from excusing the claimant's procedural errors." *All Assets Held*, 664 F.Supp.2d at 102.

Here, the Government's July 15, 2013 "Notice of Complaint of Forfeiture" notified Zheng that he needed to file a verified claim within 35 days after the date of the notice in order to avoid forfeiture of the defendant property. (Civil No. 13-1984, ECF No. 5-2, at 2). Zheng then responded with an unverified claim, discussed *infra*, which was docketed on August 20, 2013, one day after the filing deadline. Missing a deadline by only one day clearly constitutes a "minimal delay." *See One 2007 Mercedez Benz*, 2012 WL 1072252, at *1 (construing a 26-day delay as minimal); *Cf. United States of America v. $25,790 U.S. Currency*, 2010 WL 2671754, at *4 (D.Md. July 2, 2010) (holding as untimely a claim filed over 100 days late even after the deadline was extended). Moreover, Zheng's letter is dated August 13, 2013, and the envelope containing the letter is postmarked August 16, 2013, evidencing a good faith effort by Zheng to comply with Supplemental Rule G's procedural requirements, particularly given his *pro se* status. In light of

8

these factors, the court rejects the Government's motion to strike on the ground that Zheng's claim was untimely.

**B. Failure to File a Verified Claim in Both Civil and Criminal Cases**

Under both the criminal forfeiture statute, 21 U.S.C. § 853, and the Supplemental Rules, which govern *in rem* forfeiture actions, the claim (in the civil context) or petition (in the criminal context) needs to be signed under penalty of perjury.

In a civil forfeiture action, Supplemental Rule G(5)(a)(i)(C) provides that the claim must be signed by the claimant under penalty of perjury. Of the Rule G(5) requirements, the requirement to sign the claim under penalty of perjury is the "most significant." *United States v. $12,914.00*, 828 F.Supp.2d at 824. This is because "[t]he only safeguard the courts have against the filing of false claims in . . . *in rem* proceeding is the threat that the filing of a false claim will trigger a perjury persecution." *United States of America v. $104,250.00 in U.S. Currency*, 2013 WL 2357787, at *4 (D.Md. May 29, 2013). To that end, courts have repeatedly enforced the requirement that the claim be filed under oath. *See United States v. $487,825.00*, 484 F.3d 662, 664-65 (3d Cir. 2007) (the requirement that a claimant file a timely verified claim serves two purposes: it forces claimants to come forward as quickly as possible, and it minimizes the danger of false claims); *United*

States v. $125,938.62*, 370 F.3d 1325, 1328 (11th Cir. 2004) (a verified claim is essential to conferring statutory standing and is necessary to deter the filing of false claims; the claim must be verified by the claimant, not by counsel). This court has the authority under Rule G(8)(c) to dismiss the claim for failure to comply with Rule G(5)(a). In situations where claimants failed to fully comply with the Supplemental Rules, however, courts have given claimants multiple chances to comply with Rule G(5)(a) by filing an amended claim. See *United States of America v. $14,250 U.S. Currency*, 2012 WL 6681920, at *2 (D.Md., Dec. 21, 2012) (granting the government's motion to strike only after the claimant failed to file a verified claim despite *multiple requests* by the government that he do so); *see also United States v. $304,050.00 U.S. Currency*, 2012 WL 4953126 (M.D.Fla. Oct. 17, 2012) (granting claimant leave to file an amended claim); *United States v. $196,969.00 U.S. Currency*, 2012 WL 4128035, at *2 n.3 (S.D.Ind. Sept. 20, 2012) (noting that courts have the discretion to allow a claimant a second chance to comply with the pleading requirements in Rule G(5) by granting leave to file an amended pleading, but declining to do so where claimant's action appears to be a "strategic choice").

Section 853(n)(3) likewise requires the petition to be signed under penalty of perjury. Much like in civil forfeiture actions, courts have also strictly construed the statutory

10

requirement in criminal forfeiture proceedings in order to discourage false or frivolous claims. *See, e.g., United States v. Ginn*, 799 F.Supp.2d 645, 647 (E.D.La. 2010).

Here, *pro se* Claimant/Petitioner submitted a signed letter, but he failed to sign it under penalty of perjury as prescribed by Supplemental Rule G(5) and Section 853(n)(3). The court recognizes that requiring a claimant to sign personally under penalty of perjury serves the government's legitimate interest in protecting forfeited assets, and finds that Zheng's failure to comply with the statutory requirement could be easily corrected by amendment. *See United States of America v. Ward*, 2007 WL 2993870, at *2 (W.D.La. Oct. 11, 2007) (declining to dismiss the petition for failure to sign under oath where the claimants were *pro se* and there was no indication that they failed to sign because they were asserting frivolous claims).

Accordingly, the court will provide Zheng an opportunity to advise the court at the September 16, 2013 hearing whether he will amend the claim by signing it under penalty of perjury.

**C. The Government's Request to Continue the Ancillary Proceeding**

At the hearing, the Government will explain why it has filed both the civil and criminal forfeiture actions concerning the currency and whether both need to proceed. The civil and criminal actions trigger different procedures. For instance, in

the civil context, a "claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supp.R. G(5)(b). In the criminal context only, on the other hand, Federal Rule of Criminal Procedure 32.2(c)(1) provides that "[i]f, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court *must* conduct an ancillary proceeding." (emphasis added). The criminal forfeiture statute, 21 U.S.C. § 853(n)(4), provides that the "hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition." Rule 32.2(c)(1)(B), however, allows the court to permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure before conducting a hearing on the petition "if the court determines that discovery is necessary or desirable to resolve factual issues." Here, in its motion to strike in the criminal case, the Government has asked the court to continue the ancillary proceeding to enable the Government to conduct discovery to resolve the factual issue of Zheng's ownership over the claimed property. After the court hears from Zheng whether he will amend his claim under penalty of perjury and from the Government about how it wishes to proceed, the court will determine whether it will provide time for the Government to conduct discovery.

## II. Conclusion

For the foregoing reasons, these matters will be discussed at the hearing on Monday, September 16, 2013.

                                                     /s/
                              DEBORAH K. CHASANOW
                              United States District Judge